UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　-vs-<br><br>ANTOINE M. MERCADEL,<br><br>　　　　　　　Defendant. | NO.    CR-94-260-WFN<br><br>ORDER |

Before the Court is Mr. Mercadel's Motion to Dismiss for Lack of Jurisdiction, filed December 21, 2007 (Ct. Rec. 145). The Court has reviewed the file and the Motion and is fully informed. The Court finds that it is without authority to address the Motion and transfers it to the Ninth Circuit Court of Appeals.

BACKGROUND

The procedural background of this case has been fully set forth in prior Orders and will not be repeated here. It is sufficient to note that subsequent to his conviction by jury verdict on March 16, 1995 (Ct. Rec. 37) Mr. Mercadel was sentenced by this Court on November 17, 1995 (Ct. Rec. 86) and his conviction and sentence were affirmed on direct appeal. Mandate filed 3/13/97 (Ct. Rec 96). Mr. Mercadel filed a 28 U.S.C. § 2255 Motion on April 6, 1998 (Ct. Rec. 109). The Motion was denied on May 29, 2001 (Ct. Rec. 134) and the Ninth Circuit affirmed. Mandate filed 2/7/03, Ct. Rec. 143.

ORDER - 1

DISCUSSION

The current Motion raises an alleged jurisdictional defect which is ordinarily presented under 28 U.S.C. § 2255, regardless of whether the *pro se* litigant styles his Motion under another name. *United States v. Mathews,* 833 F.2d 161, 164 (9th Cir. 1987). Mr. Mercadel anticipates this argument and asserts that the Motion to Dismiss is not brought pursuant to §§ 2241 or 2255 citing *Castro v. United States,* 540 U.S. 375 (2003) in support of his allegation. The notice requirement before a pro se litigant's motion is re-characterized as a 2255 motion applies only to the litigant's first § 2255 motion. *Castro,* 540 U.S. at 383. Mr. Mercadel has already filed a first § 2255 motion so the *Castro* notice requirement is not applicable.

Congress has established 28 U.S.C. § 2255 as a mechanism for prisoners in Mr. Mercadel's position to collaterally attack his/her convictions and sentences.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to imposed such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. This same statute provides however, that the district court lacks authority to review successive habeas motions filed without authorization from the court of appeals. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A). Once the prisoner files such a motion, the court of appeals then reviews the successive application to determine whether the prisoner has made a prima facie showing that the new claim is (1) based on the discovery of new evidence, or (2) based on a

new rule of constitutional law made retroactive by the U.S. Supreme Court. 28 U.S.C. § 2255; *Allen*, 158 F.3d at 664.

As previously noted, the Court has already denied Mr. Mercadel's first motion under 28 U.S.C. § 2255 (Ct. Rec. 134). Neither the record nor any evidence submitted by Mr. Mercadel shows that he obtained the required authorization from the Ninth Circuit for a second or successive § 2255 motion. Therefore, this Court does not have jurisdiction to consider this application for relief.

The Court believes it is in the interest of justice to transfer this case "to any such other court in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. The transfer of civil actions among federal courts to cure jurisdictional defects, as described in 28 U.S.C. § 1631, applies to habeas corpus proceedings, and federal courts should consider transfer without motion by the parties. *Cruz-Aguilera v. Immigration & Naturalization Service,* 245 F.3d 1070, 1074 (9th Cir. 2001). The Ninth Circuit has held that the interests of justice normally warrant transfer of a case rather than dismissal. *Baeta v. Sonchik,* 273 F.3d 1261, 1264 (9th Cir. 2001). A transfer also assists litigants who might be confused about the proper forum for review and avoids the "time-consuming and justice-defeating" effect of requiring a case to be filed elsewhere. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Transferring Mr. Mercadel's Motion would expedite a just result in his case. Accordingly,

**IT IS ORDERED** that:

1. Mr. Mercadel's Motion to Dismiss for Lack of Jurisdiction, filed December 21, 2007, **Ct. Rec. 145**, shall be **TRANSFERRED** to the Ninth Circuit Court of Appeals for determination of whether his Motion should be authorized pursuant to 28 U.S.C. § 2244(b)(3).

2. The District Court Executive is directed to:
   (a) File this Order;

ORDER - 3

1    (b)   Send a copy to Mr. Mercadel and the Government; and

2    (c)   Forward this file with a copy of this Order to the Clerk of the Ninth Circuit

3 Court of Appeals.

4    **DATED** this 3rd day of January, 2008.

```
                              s/ Wm. Fremming Nielsen
                              WM. FREMMING NIELSEN
   01-02                      SENIOR UNITED STATES DISTRICT JUDGE
```

ORDER - 4