UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | NO.   CR-94-0260-WFN-1 |
| -vs- ) | ORDER |
| ANTOINE MICHAEL MERCADEL, ) | |
| Defendant. ) | |

Before the Court is Mr. Mercadel's *pro se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) Reduction in Sentence, filed June 16, 2009 (Ct. Rec. 154) which was noted for hearing without oral argument on August 17, 2009 (Ct. Rec. 155). The Court will address the Motion at this time, as there is no need to delay to the hearing date.

The Court has reviewed the file and the Motion and is fully informed. For the reasons stated below the Motion is denied.

**BACKGROUND**

Mr. Mercadel was indicted on November 2, 1994 on Count 1: possession with intent to deliver over 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and on Count 2: for distribution of cocaine base in violation of the same statute (Ct. Rec. 1). Mr. Mercadel incorrectly states in his Motion that he entered a plea agreement. In fact, he went to trial and on March 16, 1995, the jury returned guilty verdicts on both counts (Ct. Rec. 37). Mr. Mercadel also incorrectly states that the Court imposed a guideline sentence of 240 months which was in the middle of the Guideline range. In fact, the Court imposed a mandatory minimum sentence of 240 months as required by the statute, 21 U.S.C. § 841(b),

ORDER - 1

because Mr. Mercadel had a prior conviction for a felony drug offense (Ct. Rec. 86). His conviction and sentence were affirmed on appeal (Ct. Rec. 96).

Mr. Mercadel filed a 28 U.S.C. § 2255 Motion (Ct. Rec. 130). In the Motion Mr. Mercadel noted that he had been "sentenced to a mandatory minimum sentence of 240 months imprisonment." Motion filed 11/24/2000, Ct. Rec. 130, p. 3, l. 4-5. The Motion was denied (Ct. Rec. 134) and the ruling was affirmed on appeal (Ct. Rec. 143).

Mr. Mercadel filed a Motion for Appointment of Counsel to assist him with a motion for retroactive application of the sentencing guidelines to crack cocaine offenses (Ct. Rec. 148). This Court granted the request for appointment of counsel (Ct. Rec. 150) and the Federal Defenders of Eastern Washington were so appointed on March 19, 2008(Ct. Rec. 151). No motion was filed until Mr. Mercadel filed the instant *pro se* Motion.

## DISCUSSION

Mr. Mercadel argues that the Court should exercise its discretion and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He suggests that his sentence should be reduced more than the two levels authorized by the sentencing guidelines retroactive amendment related to crack cocaine. He notes that national policies appear to be changing regarding the disparity in sentencing for powder and crack cocaine justifying a reduced sentence. While policies may be changing, the Court is required to follow the law as it currently exists. Mr. Mercadel was sentenced to a statutory mandatory minimum sentence and therefore is not eligible for a sentencing reduction even though the Sentencing Guidelines have been amended.

The applicable statute provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

ORDER - 2

1 | 18 U.S.C. § 3582(c)(2). The Guidelines policy statement regarding reductions in a term of
2 | imprisonment as a result of amended guideline range, § 1B1.10, provides that a sentencing
3 | reduction is not authorized in some circumstances. For instance, a defendant is not eligible
4 | for a reduced sentence if the amendment is applicable to the defendant

> but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision(*e.g.* a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10, commentary, note 1(A). In a recent Ninth Circuit case with an almost identical fact pattern to that of Mr. Mercadel, the court held that

> [Defendant] is not entitled to a reduction because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but rather was based on the statutory mandatory minimum under 28 U.S.C. § 841. This mandatory minimum "was not affected by the change in the [drug] equivalency tables." *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996).

*United States v. Paulk,* ___ F.3d ___, 2009 WL 1788567, * 1 (9th Cir. June 24, 2009) *(per curiam)*. In *Paulk*, the Circuit noted that "all of our sister circuits that have considered the question also have concluded that a defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3582(c)(2)." *Id.* at * 1. Accordingly,

**IT IS ORDERED** that Mr. Mercadel's *pro se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) Reduction in Sentence, filed June 16, 2009, **Ct. Rec. 154**, is **DENIED.**

The District Court Executive is directed to file this Order and provide copies to counsel of record and to Mr. Mercadel, Reg. #04255-112, FCC-Low, 3600 Guard Rd., Lompoc, CA 93436.

**DATED** this 6th day of July, 2009.

07-06

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3