1

2

3

4

5      UNITED STATES DISTRICT COURT

6      EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,              )
                                           )     NO.    CR-94-0260-WFN-1
8              Plaintiff,                   )
                                           )     ORDER ON DEFENDANT'S
9        -vs-                               )     MOTION FOR REDUCTION OF
                                           )     SENTENCE AND DEFENDANT'S
10  ANTOINE M. MERCADEL,                    )     APPLICATION FOR
                                           )     APPOINTMENT OF COUNSEL
11             Defendant.                   )
                                           )
12  ────────────────────────────

13         Before the Court is (1) Defendant's Motion for Reduction of Sentence Pursuant to

14  18 U.S.C. § 3582(c)(2) (ECF No. 173), and (2) Defendant's Ex Parte Application for

15  Order Appointing Counsel (ECF No. 172).  The Government has responded to Defendant's

16  Motion for Reduction of Sentence.  Defendant did not file a reply.  The Court now denies

17  Defendant's Motions for the reasons stated below.

18                                **BACKGROUND**

19         Defendant was indicted on November 2, 1994, and charged with (1) possession with

20  intent to deliver over 50 grams of cocaine base and (2) distribution of cocaine base  (ECF

21  No. 1).  On March 3, 1995, the Government filed notice that Defendant had a prior felony

22  drug offense.

23         Currently, Defendant incorrectly states in his Motion that he pled guilty (ECF No. 173

24  at 4).  In fact, he went to trial and was convicted on both counts.  Subsequently, Defendant

25  filed numerous post-trial motions. On November 17, 1995, Defendant was sentenced.

26  Defendant's base offense level was 32 with a criminal history category of VI.  The guideline

ORDER - 1

1   range was 210 to 262 months imprisonment, with a mandatory minimum term of 240 months

2   imprisonment (ECF No. 86).   Defendant was sentenced to the mandatory minimum of

3   240 months imprisonment, with 10 years of supervised release to follow.   Defendant

4   appealed and the Ninth Circuit affirmed.

5        On March 17, 2008, Defendant filed a Motion to Appoint Counsel, to assist him in

6   filing a motion for retroactive application of sentencing guidelines for a crack cocaine

7   offense (ECF No. 148).   Defendant's Motion was granted and counsel was appointed.

8   However, no motion was filed until June 16, 2009, when Defendant filed his *pro se* Motion

9   (ECF No. 154). On July 6, 2009 Defendant's Motion was denied (ECF No. 156).   Defendant

10  appealed and the decision was affirmed in 2010.   On July 23, 2012, Defendant filed his

11  present Motions requesting the reduction in sentence and appointment of counsel.

## APPLICABLE LAW

13      Normally, a court may not modify a term of imprisonment once it has been

14  imposed. . . .   18 U.S.C. § 3582(c).   However, modification of a term of imprisonment is

15  allowed "in the case of a defendant who has been sentenced to a term of imprisonment based

16  on a sentencing range that has subsequently been lowered by the Sentencing Commission

17  pursuant to 28 U.S.C. 994(o). . . ."   18 U.S.C. § 3582(c)(2).   Nevertheless, a defendant is

18  ineligible for a term of imprisonment modification where the amended guideline range "does

19  not have the effect of lowering the defendant's applicable guideline range because of the

20  operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum*

21  *term of imprisonment*)."   U.S.S.G. § 1B1.10, Application Notes 1(A) (emphasis added).

## DISCUSSION

23      The Court begins by noting that this is Defendant's second Motion requesting a

24  reduction to his sentence pursuant to 18 U.S.C. § 3582(c)(2). Presently, Defendant states that

25  under the Fair Sentencing Act of 2010 [FSA], Defendant's amended guideline range is 120

26  to 150 months.   Accordingly, Defendant requests a 120 month sentence.   However, as the

ORDER - 2

1    Government succinctly states, Defendant is ineligible for a reduction in sentence because

2    he was sentenced to the mandatory minimum. *See United States v. Sykes,* 658 F.3d 1140

3    (9th Cir. 2011) (holding the district court lacked the discretion to reduce defendant's sentence

4    below the mandatory minimum); *United States v. Mullanix,* 99 F.3d 323 (9th Cir. 1996);

5    *United States v. Jackson*, 577 F.3d 1032, 1034 (9th Cir. 2009).

6          Having predicted the Government's position, Defendant argues that the Supreme

7    Court recently concluded that lower minimum sentences of the FSA apply retroactively to

8    offenders who were sentenced before August 3, 2010, the effective date of the FSA.

9    Defendant cites to *United States v. Dorsey*, 32 S. t. 2321 (2012). Defendant is incorrect. As

10   the Government points out, *Dorsey* stands for the position that the FSA's lower mandatory

11   minimums only apply to offenders who were sentenced after the effective date of the FSA.

12   *Id.* at 2335. As Defendant was sentenced in 1995, the FSA does not retroactively change

13   Defendant's mandatory minimum sentence. Consequently, Defendant's Motion fails.

14         Given Defendant's proclivity for filing motions in lieu of or in addition to appealing

15   (see ECF Nos. 50, 51, 63, 65, 145, and 162), the Court takes this opportunity to inform

16   Defendant that it is not inclined to further entertain motions for reconsideration or motions

17   to alter or amend the Court's order denying his Motion for Reduction of Sentence.

18   Accordingly,

19         **IT IS ORDERED** that:

20         1.  Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2),

21   filed July 23, 2012, **ECF No. 173**, is **DENIED**. If a certificate of appealability is required,

22   it is likewise **DENIED**.

23         2.  Defendant's Ex Parte Application for Order Appointing Counsel, filed July 23,

24   2012, **ECF No. 172**, is **DENIED AS MOOT**.

25         The District Court Executive is directed to file this Order and provide copies to

26   counsel and to Defendant.

ORDER - 3

1    **DATED** this 15th day of November, 2012.

2

3

4                                                          s/ Wm. Fremming Nielsen
                                                    WM. FREMMING NIELSEN
     11-13-12                                       SENIOR UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 4